IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY E. BOLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-0769-BH-L |
| AMERIQUEST MORTGAGE ) | |
| COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is now before the Court on defendant's respective motions (Docs. 36, 38 and 47) to dismiss which are predicated upon plaintiff's failure to list the instant lawsuit as a potential asset in her Chapter 13 bankruptcy schedules and the resultant application of judicial estoppel. Upon consideration of the motion, plaintiff's response in opposition thereto (Doc. 54), which is entitled a "motion to uphold plaintiff's amended complaint," defendants' respective reply briefs (Docs. 55 and 56), and all other pertinent portions of the record, the Court concludes that the motions to dismiss are due to be granted and plaintiff's request for additional time to obtain substitute counsel is due to be denied.

The Court agrees that plaintiff has failed to refute the binding precedent cited by the defendants to the effect that her omission of this lawsuit from her bankruptcy petition when that petition was filed bars plaintiff from now pursuing this litigation. It is irrelevant that plaintiff "timely informed" her bankruptcy counsel about this lawsuit or even that her

bankruptcy petition has since been amended to reflect this lawsuit. In *Barger v. City of Cartersville*, the Eleventh Circuit clearly held:

> [J]udicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.

348 F.3d 1289, 1296 (11th Cir. 2003), *quoting*, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1291 (11th Cir.2002). The Eleventh Circuit also rejected the debtor's attempt to amend the bankruptcy petition to avoid the application of judicial estoppel:

> Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

*Id*. at 1297. The United States Bankruptcy Court for the Southern District of Alabama has expressly followed the Eleventh Circuit's binding precedent and refused to permit a Chapter 13 debtor to pursue his claims even when the debtor's omission of the lawsuit "was a genuine error." *Reniewicz v. Price Williams Associates, Inc.*, Case No. 02-15986 (Bankr. S.D. Ala. Sept. 19. 2003)(attached as Exh. "D" to Heritage's Motion to Dismiss). As applied to the case at bar, it is undisputed that plaintiff omitted the lawsuit from her

schedules in her Chapter 13 Bankruptcy case and it is irrelevant that she either timely informed her bankruptcy counsel or may have sought recently to amend her schedules.[1]

For the reasons stated above, it is **ORDERED** that plaintiff's request for additional time to retain substitute counsel be and is hereby **DENIED** and defendants' respective motions to dismiss (Doc. 36, 38 and 47) be and are hereby **GRANTED** in that this action be and is hereby **DISMISSED** with prejudice.

**DONE** this 18th day of May, 2005.

                                                           s/ W. B. Hand
                                                    SENIOR DISTRICT JUDGE

---

[1] Plaintiff has proffered no evidence to substantiate her contention that the lawsuit has "now been included in Bankruptcy Petition # 05-10192."